MARVIN, Judge.
Factual issues only are presented in this appeal by plaintiff whose demands for damages sustained in an intersectional automobile collision were rejected below. We affirm the trial court.
Plaintiff, proceeding westerly, was making a left turn from Hollywood to proceed south on Jewella in Shreveport when he was struck by defendant who was traveling easterly on Hollywood approaching the intersection. The intersection is controlled by traffic signals of conventional type which allow a left turn with a green arrow for traffic proceeding westerly. When the green arrow is illuminated for a left turn, Hollywood traffic proceeding easterly is faced with red lights. The sequence and timing of the traffic signals were introduced into evidence. It is impossible for plaintiff to have been faced with a green arrow while defendant was faced with a green light.
Plaintiff contends that he turned left when the arrow was green while defendant contends she was faced with a green light. Plaintiff suffered severe and permanent injuries in the collision and sued defendant and her liability insurer.
On the liability issue, the lower court also heard testimony from the policeman who investigated the accident, from a college physics professor who testified as an expert in his field in answer to hypothetical questions, and from an eyewitness who was a passenger in an automobile parked near the collision site and who was called a “disinterested” witness by the lower court.
On appeal, plaintiff contends the lower court erred in its conclusions resolving factual and legal issues against plaintiff, and alternatively that it should be concluded here on the basis of the evidence that defendant had forfeited the right of way in her favor by excessive speed.
The lower court obviously was impressed by the disinterested eyewitness who corroborated defendant’s version of how the accident occurred. While the lower court did not comment on the testimony of the expert witness in its opinion, we are certain that the court performed its duty in considering this testimony and assigning appropriate weight thereto. The facts the expert was asked to assume were not in exact accord with the evidence before the court and we cannot say the lower court erred in not accepting plaintiff’s version of the accident on the basis of the expert’s testimony to hypothetical questions. Essentially, the trial court was faced with credibility issues as to speed and traffic signals.
“. . . where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973).
The lower court observed:
“The Court . . . is of the opinion that plaintiff failed to carry his burden to establish that he made the left hand turn on a green light. The Court is of the opinion . . . that the light was green for the defendant’s vehicle at the time she entered the intersection. Plaintiff has failed to establish that defendant was negligent in the operation of her vehicle.
*181 “The Court believed the disinterested witness . . . when he stated that the light was green at the time of impact for traffic traveling east on Hollywood. Should the Court be in error in this conclusion . . . the Court feels it is clear that the plaintiff was contributorily negligent. The physical factors are such that the plaintiff’s turning maneuver was in so close proximity to defendant’s oncoming car that he turned in the face of that oncoming vehicle at a time that he knew or should have known that he did not have time to safely negotiate his driving maneuver. This is accentuated by the plaintiff’s own testimony where he states he did not see defendant’s vehicle until she actually collided with his and he could give no explanation for not observing the oncoming vehicle.” Opinion, pages 2 and 3.
We find no error in the lower court’s rejecting plaintiff’s demands.
At appellant’s cost, judgment is
AFFIRMED.